UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA JEAN COBB,<br><br>  Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>  Defendant. | Case No. EDCV 15-00999-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On May 20, 2015, Barbara Jean Cobb ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on October 8, 2015. On January 5, 2016, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and this case

remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

## BACKGROUND

Plaintiff is a 52-year-old female who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on February 9, 2011, alleging disability beginning April 29, 2004. (AR 14.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 29, 2004, the alleged onset date. (AR 16.)

Plaintiff's claims were denied initially on September 27, 2012. (AR 14.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Lawrence J. Duran on October 4, 2013, in Moreno Valley, California. (AR 14.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 14.) Medical expert ("ME") Julian Kivowitz, M.D., testified via telephone. (AR 14.) Vocational expert ("VE") Gregory S. Jones also appeared and testified at the hearing. (AR 14.)

The ALJ issued an unfavorable decision on October 21, 2013. (AR 14-24.) The Appeals Council denied review on March 30, 2015. (AR 6-8.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as a ground for reversal and remand:

1. Whether the ALJ properly determined that Barbara Cobb could perform the alternative work.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v.

Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the

claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since April 29, 2004, the alleged onset date. (AR 16.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: lumbar pain syndrome; lumbar degenerative disk disease and disk bulge with radiculopathy; obesity; major depressive disorder; learning disability; and a psychotic disorder. (AR 16-17.)

4

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 17-18.)

The ALJ then found that Plaintiff has the RFC to perform less than the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations:

> Claimant can lift and carry 20 pounds occasionally and 10 pounds frequently; she can stand/walk/sit for 6 hours in an 8 hour day with a sit/stand option in 30 minutes intervals. Claimant can perform simple instructions with no [fast] paced work or intense concentration for more than 2 hours without a 5 minute break in focus.

(AR 18-23.) In determining the above RFC, the ALJ made an adverse credibility determination, which Plaintiff does not challenge here. (AR 19.)

At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a recreation aide and stock clerk. (AR 23.) At step five, however, the ALJ also found that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of parking lot cashier, furniture rental clerk, and ticket seller. (AR 23-24.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 24.)

## DISCUSSION

The ALJ decision must be reversed and remanded for further proceedings. The ALJ erred in accepting the VE's testimony that Plaintiff can perform alternative work in the national economy. The jobs identified by the VE at step five of the sequential process all require a Reasoning Level of 3 which is inconsistent with the ALJ's RFC limitation to "simple instructions." The error was not harmless.

**A.    Relevant Federal Law**

ALJs routinely rely on the Dictionary of Occupational Titles ("DOT") "in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan,

5

903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); 20 C.F.R. §§ 404.1566 (d)(1), 416.966 (d)(1). Typically, the best source of how a job is generally performed in the national economy is the DOT. Pinto, 249 F.3d at 845. The DOT raises a presumption as to job classification requirements. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). An ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing SSR 00-4p ("[T]he adjudicator has an affirmative responsibility to ask about any possible conflict between that [vocational expert] evidence and information provided in the [DOT].")). In order to accept vocational expert testimony that contradicts the DOT, "the record must contain 'persuasive evidence to support the deviation.'" Pinto, 249 F.3d at 846 (quoting Johnson, 60 F.3d at 1435). The ALJ must obtain a reasonable explanation for the variance and then must decide whether to rely on the VE or DOT. See Pinto, 249 F.3d at 847. Failure to do so, however, can be harmless error where there is no actual conflict or the VE provides sufficient support to justify any conflicts with or variation from the DOT. Massachi, 486 F.3d at 1154 n.19.

### B. The ALJ's RFC Conflicts With the Reasoning Requirements of the Jobs Identified by the VE.

The ALJ assessed Plaintiff with a mental RFC limiting her to "simple instructions with no fast [sic] paced work or intense concentration for more than 2 hours without a five minute break in focus." (AR 18.) The ALJ's mental RFC was based on a limitation to simplistic instructions assessed by clinical psychologist Dr. Gabriela Gamboa, (AR 20), who found a mild inability to understand, remember, and carry out short and simplistic instructions (AR 21). The ALJ also credited State agency reviewing physicians who opined that Claimant had the ability to perform "simple one and two step instructions" for "2 hour intervals" and to maintain attention/focus for 2 hour intervals. (AR 21.) The ALJ assessed the above mental RFC in consideration of and notwithstanding Plaintiff's subjective symptoms, which were not entirely credible. (AR 19.)

Based on Claimant's physical and mental RFC, the ALJ concluded that Plaintiff is unable to perform her past relevant work as a recreational aide (unskilled, light) or as a stock clerk

(unskilled, light as performed). (AR 23, 599.) The VE, however, testified that a person with Plaintiff's mental RFC would be able to perform the unskilled, light work of parking lot cashier (DOT 211.462-010), furniture rental clerk (295.357-018), and ticket seller (211.467-030). Each of these jobs requires a Reasoning Level of 3. The ALJ, as required, asked the VE if his testimony was consistent with the DOT, and the VE indicated it was. (AR 601-602.)

Recently, in Zavalin v. Colvin, 778 F.3d 842, 847 (9th Cir. 2015), the Ninth Circuit held that there is an apparent conflict between a RFC limitation to simple, repetitive tasks and the demands of Level 3 Reasoning. A job's reasoning level "gauges the minimal ability a worker needs to complete the jobs tasks themselves." Meissl v. Barnhart, 403 F. Supp. 2d 981, 983 (C.D. Cal. 2005). The VE in Zavalin had identified two jobs Plaintiff could perform that required Level 3 Reasoning, which is defined as follows:

> Apply commonsense understanding to carry out instructions furnished in written, oral or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations.

See DOT App. C, 1991 WL 688702. Reasoning Level 3 is distinguished from Reasoning Level 2, which is defined as follows:

> Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

Zavalin reversed the unfavorable ALJ decision because the ALJ failed to recognize that a conflict existed between the claimant's RFC limitations and the jobs identified by the VE which required Level 3 Reasoning, failed to ask the expert to explain the deviation and failed to reconcile the apparent conflict. 778 F.3d at 847.

As in Zavalin, there is an apparent conflict here between the ALJ's RFC limitation to "simple instructions" and Reasoning Level 3 jobs such as those identified by the VE. The Commissioner observes that in Zavalin the RFC limitation was to "simple, repetitive tasks," not "simple instructions." The Court does not find the Commissioner's distinction compelling. In Thompson v. Colvin, 2015 WL 1476001, at *5 (E.D. Cal. Mar. 31, 2015), the Court held that a

limitation to "simple tasks" would be inconsistent with Level 3 Reasoning. More importantly, the ALJ here gave weight to State agency reviewers who found Plaintiff able to perform "one and two step instruct[ions] for 2 hr intervals." (AR 21, 393.) A limitation to two steps of instruction actually corresponds to Level 1 Reasoning. Grigsby v. Astrue, 2010 WL 309013, at *2 (C.D. Cal. Jan. 22, 2010) ("The restriction to jobs involving no more than two step instructions is what distinguishes Level 1 Reasoning from Level 2 Reasoning"); Burns v. Astrue, 2010 WL 4795562, at *6 (C.D. Cal. Nov. 18, 2010) (three and four step instructions consistent with Reasoning Level 2 jobs). A simple, repetitive tasks limitation has been held consistent with both Reasoning Level 1 (one and two step instructions) and Reasoning Level 2 (three and four step instructions). Chavez v. Astrue, 2009 WL 5172857, at *7 (C.D. Cal. Dec. 21, 2009). It appears to the Court that the ALJ regarded "simple and two step instructions" as the same as "simple instructions." (AR 21.)

The Commissioner also argues that the full RFC limitation of "simple instructions with no [fast] paced work or intense concentration without a 5 minute break in focus" (AR 18) is not inconsistent with Reasoning Level 3. The Commissioner provides no authority for this assertion, and the Court cannot ignore the ALJ's specific limitation to "simple instructions." Tellingly, the Commissioner concedes that the VE's testimony "may have deviated from the DOT." (JS 11:17.)

At step five, the ALJ erred by failing to reconcile the apparent conflict between Claimant's RFC limitation to simple instructions and DOT's reasoning requirements for the jobs identified by the VE.

**C.  The ALJ's Error Was Not Harmless**

The only remaining issue is whether the ALJ's error was harmless. See Zavalin, 778 F.3d at 845 ("Even when an ALJ commits an error of law, we must affirm if the error is harmless"). An error is harmless if inconsequential to the outcome of the nondisability determination. Carmickle v. Comm'r Of The Soc. Sec. Adm., 533 F.3d 1155, 1162-63 (9th Cir. 2008). The Court concludes that the ALJ's error was not harmless.

The Commissioner cites a number of cases in which the ALJ erred by not obtaining an explanation for an apparent conflict between a claimant's RFC and the DOT reasoning requirement of jobs identified by a VE. In Roman v. Colvin, 2015 WL 5768375, at *4-5 (C.D. Cal. Sep. 29, 2015), for example, the ALJ erred in finding that a claimant limited to simple repetitive tasks could perform the work of mail sorter which requires a Reasoning Level of 3. The error, however, was harmless because the VE identified a second job, that of electrical bench worker, which only required a Reasoning Level of 2. In Thompson, 2015 WL 1476001, at *4-5, there was an apparent conflict between a claimant with a limitation to simple tasks and a mail clerk job for which the DOT requires a Reasoning Level of 3. The VE, however, explained that the job actually entails only simple tasks. In Musser v. Colvin, 2015 WL 4460677, at *9-10 (E.D. Cal. Jul. 21, 2015), substantial evidence existed in the record that the claimant was able to perform jobs that require a Reasoning Level of 3. Claimant had past relevant work at jobs requiring a Reasoning Level of 4 and the medical evidence established that the claimant would have only a mild limitation in carrying out detailed instructions. Id. There was no evidence of any special education history, learning disorder, or limitation. Id. None of the circumstances of the above cases are applicable here.

The Commissioner focuses on the fact that Plaintiff mainly articulated physical complaints, not mental complaints. (AR 20.) The ALJ, however, found that the consultative examination of Dr. Gabriela Gamboa "provides adequate evidence of a mental impairment," which also was found true by State agency reviews. (AR 21.) The ALJ found that Plaintiff had the medically determinable impairments of major depressive disorder, learning disability, and a psychotic disorder. (AR 16.) The ALJ was fully aware of Plaintiff's complaints and nonetheless limited Plaintiff to "simple instructions." The ALJ has resolved these issues in favor of Plaintiff.

The Commissioner next argues that Plaintiff did not take special education classes as the plaintiff in Zavalin did. The ALJ, however, found that "the limitation to simplistic instructions as noted by the examiner [Dr. Gamboa] is appropriate in light of the diagnosed learning disability." (AR 20.)

The Commissioner notes that Plaintiff was able to engage in a wide range of daily activities. (AR 20.) The ALJ, however, found that, despite these activities and Plaintiff's less than entirely credible subjective symptoms (AR 19), the limitation to simplistic instructions was appropriate in light of the diagnosed learning disability. (AR 20.)

The Commissioner's final argument is that Plaintiff held two jobs, recreation aide (DOT 195.367-030) and stock clerk (DOT 299.367-014), that required Level 3 Reasoning. At the hearing, however, the VE specifically testified that Plaintiff no longer can perform these jobs because of her combined physical and mental limitations:

> Q: . . . Would this person be able to perform her past relevant work either as actually performed or as occupationally or generally performed in the national economy?
>
> A: No, Your Honor.
>
> Q: Why not?
>
> A: The sit/stand option as well as the restriction to simple, simple work tasks.

(AR 599.) The ALJ accepted the VE's testimony. (AR 23.)

Thus, in each instance in which the Commissioner attempts to advance substantial evidence that Plaintiff can perform jobs requiring Level 3 Reasoning, there is a specific finding by the ALJ against it. The Court is unaware of any authority, and the Commissioner does not cite any, where the Commissioner has been permitted to establish harmless error by proffering an interpretation of the evidence of record that contradicts specific ALJ findings to the contrary. Thus, neither the VE nor the ALJ nor the Commissioner has presented "persuasive evidence to support the deviation." Pinto, 249 F.3d at 846.

* * *

The ALJ and the Commissioner have the burden at step five of the sequential process to establish that a claimant can perform alternate work in the national economy. They did not meet that burden in this case. The ALJ erred in failing to seek an explanation for the apparent

conflict between a RFC limitation to simple instructions and jobs identified by the VE that require Level 3 Reasoning.  The error was not harmless.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this case for further proceedings in accordance with this Memorandum Opinion and Order and with law.


DATED: February 29, 2016 	*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE